UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSICA HOPE,<br><br>        Plaintiff,<br><br>v.<br><br>IDAHO SUPREME COURT COUNCIL,<br><br>        Defendants. | Case No. 4:26-cv-00246-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Jessica Hope's Request for Entry of Default (Dkt. 6) and Motion for Default Judgment (Dkt. 8). Hope asks the Court to hold Defendants in default. Because the Defendants are not in default, and for other reasons set forth below, the Court DENIES the Motion. Because Hope did not file a sufficient complaint within 30 days of the Court's prior Order dismissing her case, the Court DISMISSES this case WITHOUT PREJUDICE and the case is CLOSED.

## II. BACKGROUND

Hope filed this action on April 24, 2026, seeking writs of habeas corpus and mandamus directing Idaho state officials to deliver her minor child, S.A.H., to her custody.

On April 28, 2026, the Court denied Hope's requests and dismissed the case for lack of subject matter jurisdiction with leave to amend her complaint. Dkt. 5. Because Hope did not pay the filing fee, and because the Court dismissed her case, the Court has not issued a summons.

MEMORANDUM DECISION AND ORDER - 1

On May 13, 2026, instead of amending her complaint, Hope filed a Motion for Default Judgment. Dkt. 8. In her complaint, Hope alleged that the Idaho Department of Health and Welfare and the Idaho Supreme Court have been in default for almost a month. *Id.* at 1. She also alleged that her tort claims entitle her to $8 million in damages. *Id.*

### III. LEGAL STANDARD

#### A. Fed R. Civ. P. 8

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

#### B. Default Judgment

Before a court can enter default judgment under Rule 55(b)(2), the clerk of the court must first enter a party's default under Rule 55(a). *See* Fed. R. Civ. P. 55; 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2683 (4th ed. 2026). If the clerk has not entered the default, a motion for default judgment is premature, and the court may deny the motion. *Brooks v. United States*, 29 F.Supp.2d 613 (N.D. Cal. 1998), *aff'd*, 162 F.3d 1167 (9th Cir. 1998).

MEMORANDUM DECISION AND ORDER - 2

## C. Subject Matter Jurisdiction

Subject matter jurisdiction exists in federal court when there is complete diversity of citizenship between all plaintiffs and defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). If any plaintiff is a citizen of the same state as any defendant, diversity is destroyed, and the federal court does not have subject matter jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Subject matter jurisdiction can also be established through federal question jurisdiction. 28 U.S.C. § 1331. Federal question jurisdiction arises when a plaintiff's action arises under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. If both federal and state law claims are asserted, and the claims derive from a common nucleus of operative fact, the Court may exercise supplemental jurisdiction over those state law claims. 28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

## IV. DISCUSSION

As an initial matter, Hope has not filed a new complaint or sought to proceed in forma pauperis. A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(1). Since the Court found it lacked subject matter jurisdiction over her claim, Hope has not pleaded any new facts which could establish the Court's jurisdiction. Hope and Idaho are still both residents of Idaho, meaning Hope cannot show diversity jurisdiction. 28 U.S.C. § 1332. And Hope has not pleaded facts showing she has raised a federal question, so Hope cannot show federal question jurisdiction, either. 28 U.S.C. § 1331. Thus, Hope's claims remain dismissed.

MEMORANDUM DECISION AND ORDER - 3

Before a motion to enter default judgment can be considered by the court, the clerk must have entered default. *See* Fed. R. Civ. P. 55; 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2683 (4th ed. 2026). Hope claimed that she had properly served Defendants, but the Court has not issued a summons yet. Because a summons must contain the Clerk's signature and the Court's seal, *see* Fed. R. Civ. P. 4(a), and because the time to answer does not begin to run until the defendant is served with the complaint *and summons*, *see* Fed. R. Civ. P. 12(a)(1)(A), a defendant cannot be held in default before the Court has issued the summons.

Although Hope includes a receipt from a process server organization, her service could not have been effective without the Court issuing a summons. Because service of process was not proper, Defendants are not in default. Accordingly, the Clerk of the Court did not enter default, and Hope's motion for entry of default judgment is thus inappropriate. *See Brooks*, 29 F.Supp.2d at 618.

The Court previously identified subject matter jurisdiction defects in Hope's original filings and gave her 30 days to file an Amended Complaint which cured those defects. As explained above, none of Hope's new filings have changed the Court's jurisdictional analysis. "Where . . . the plaintiff fails to identify any new allegations that would cure their complaint's deficiencies, denying leave to amend is appropriate." *G.B. by & through G.P. v. United States Env't Prot. Agency*, 172 F.4th 1042, 1065 (9th Cir. 2026). Accordingly, the Court dismisses Hope's case without leave to amend. However, because the Court's dismissal is on jurisdictional grounds, the dismissal is without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack

MEMORANDUM DECISION AND ORDER - 4

of subject matter jurisdiction must be without prejudice).

## IV. CONCLUSION

The Court previously gave Hope 30 days to file a Complaint which complied with Rule 8. She has not done so. Nor has she sought leave to proceed in forma pauperis as the Court previously ordered. Accordingly, the Court dismisses her case without prejudice but without leave to amend.

## V. ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.      This case is DISMISSED WITHOUT PREJUDICE, leave to amend is DENIED, all pending motions are DENIED, and the case is CLOSED.

DATED: June 10, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5